IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

COLEY GASSAWAY,

        Plaintiff,

vs.                      **Case No. 11-2496-RDR**

JARDEN CORPORATION, SUNBEAM
PRODUCTS, INC. d/b/a JARDEN
CONSUMER SOLUTIONS, and
WAL-MART EAST, L.P.,

        Defendants.

### MEMORANDUM AND ORDER

This case is before the court upon plaintiff's motion to dismiss without prejudice. Defendants oppose the motion and ask that this action be dismissed with prejudice or, in the alternative, dismissed without prejudice upon the condition that plaintiff pay defendants their costs incurred to defend this lawsuit in the event plaintiff refiles her claims against defendants. Plaintiff has not filed a reply to defendants' opposition to plaintiff's motion. Therefore, the court shall treat defendants' recitation of the history of this litigation as correct.

### History of case

This case arises from a January 13, 2010 house fire in Kansas City, Kansas in which two children were killed. Plaintiff alleges that the fire was caused by a defective Sunbeam space heater purchased from a local Wal-Mart store. Plaintiff originally filed

a lawsuit against defendants in Georgia state court on May 24, 2010. Defendants contend that they first performed a fire scene examination on August 17, 2010, after several prior attempts to schedule an examination failed. Some evidence was collected, bagged and turned over to plaintiff. Defendants attempted to schedule a second examination, but this did not happen.

On October 11, 2010, in the Georgia lawsuit, defendants filed a motion to sever and dismiss plaintiff's claims from claims by other plaintiffs which concerned a different fire. In response, plaintiff voluntarily dismissed her claims against defendants without prejudice on November 9, 2010.

Plaintiff refiled the claims on August 2, 2011 in the state district court for Wyandotte County, Kansas. Defendants removed the case to this court on August 31, 2011. Less than a month later, plaintiff's counsel was permitted to withdraw. While plaintiff was without counsel, defense counsel attempted to develop a discovery schedule to little avail. Plaintiff contacted different attorneys who tentatively expressed interest in representing plaintiff. One of these attorneys represented plaintiff in a telephone scheduling conference, but ultimately did not agree to continue in the case.

Plaintiff's current counsel entered his appearance in this case on November 28, 2011 and indicated that he needed additional time to investigate plaintiff's claims and to determine whether to

add other defendants.  The scheduling conference in this case was then continued to January 23, 2012.  In late November and December, defense counsel made further efforts with plaintiff's counsel to schedule an examination of the fire scene.  These efforts were unsuccessful.

Plaintiff's counsel informed defense counsel in mid-January 2012 that he was considering adding defendants to the case.  About that time, plaintiff's counsel filed suit against additional defendants in the state district court for Wyandotte County, Kansas.  Around that time, during the third scheduling conference in this case, plaintiff's counsel indicated that he was contemplating filing a motion to dismiss this case without prejudice.  The motion to do so was eventually filed on February 8, 2012.

### Plaintiff's motion to dismiss

Plaintiff argues that this case should be dismissed without prejudice because defendants have not suffered legal prejudice. Plaintiff notes that the case has been pending for a short time in this court.  Discovery has not been served or answered.  There are no dispositive motions on file and a scheduling order has not been entered.  Plaintiff asserts that defendants have not expended resources in defending this case which will be duplicated if the case is refiled.  Plaintiff contends that she has been diligent in pursuing her claims.  Finally, plaintiff claims that her desire to

3

dismiss this case is based in part "on her desire to join all of the potential defendants in this case and also to allow her additional time to investigate the facts surrounding the death of her children."  Doc. 27-1, p. 4.

Defendants' arguments

Defendants contend that plaintiff's motion is an improper effort to join defendants in a state court forum where defendants will face less favorable expert testimony standards and a unanimous verdict is not required.  Defendants suggest that plaintiff's alleged improper motive for dismissal is evidenced by the baseless claims plaintiff has brought in state court.  According to defendants, plaintiff has sued two non-diverse defendants without good cause in state court and is seeking to join the defendants in this case to the state court action in order to circumvent defendants' removal rights.  The non-diverse defendants are Kansas Gas Service and two entities involved with inspecting plaintiff's house.  Defendants assert that nothing these defendants did or failed to do could be the proximate cause of the fire.

Defendants argue that they have spent significant time reviewing the pleadings and filing a motion to dismiss the Georgia case. Defendants further claim that there has been excessive delay and lack of diligence by plaintiff which has foiled defendants' multiple efforts to discuss discovery and scheduling matters and to preserve evidence.  Finally, defendants assert that they will be

prejudiced if they are forced to respond to the Wyandotte County case "which will only be dismissed as to the additional defendants." Doc. No. 28, p. 12.

Legal standards

FED.R.CIV.P. 41(a)(2) permits a district court to dismiss an action without prejudice "on terms that the court considers proper."  A court should exercise its discretion "primarily to prevent voluntary dismissals which unfairly affect the other side and to permit the imposition of curative conditions."  Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 357 (10th Cir. 1996) (interior quotation omitted).  Absent "legal prejudice" to the opposing party, a district court should normally grant a dismissal without prejudice. Brown v. Baeke, 413 F.3d 1121, 1123 (10th Cir. 2005) (quoting Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997)).  "Neither the mere prospect of a second lawsuit nor a tactical advantage to the plaintiff amount to legal prejudice."  Nunez v. IBP, Inc., 163 F.R.D. 356, 359 (D.Kan. 1995) (quoting Wimber v. Dept. of SRS, 156 F.R.D. 259, 261 (D.Kan. 1994)).  It is noteworthy for the situation in this case that the Tenth Circuit has commented:  "The possibility that [a] plaintiff[] may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved."  American National Bank and Trust Co. v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991) (affirming a

motion to dismiss without prejudice where defendant maintained that plaintiffs refiled case in state court with non-diverse defendants to preclude removal). The Tenth Circuit directs courts to consider the following "practical" factors when deciding whether dismissal without prejudice would cause legal prejudice: "'the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of the litigation.'" Brown, 413 F.3d at 1124 (quoting Ohlander, 114 F.3d at 1537)).

Analysis of legal prejudice and need for conditions

The court believes that dismissal without prejudice must be granted. Defendants have not been put to any effort or expense to prepare for trial. This case is in a very early stage. It was filed in August 2011 and the discovery process has not started. There have been some fairly minor delays caused by the withdrawal and replacement of counsel. But, plaintiff should not be faulted substantially for these delays. Defendants contend that plaintiff seeks dismissal for the alleged improper tactical reason of refiling in a state court forum. Case law from the Tenth Circuit, however, does not consider these circumstances sufficient to deny a motion to dismiss without prejudice. American National Bank, 931 F.2d at 1412; see also, Braun v. TNT Engineering, Inc., 2009 WL 3123044 (D. Kan. 9/28/2009) (dismissal without prejudice permitted

for the purpose of refiling in state court for less than the threshold amount for diversity jurisdiction). The court has considered that plaintiff first filed an action in Georgia which was dismissed without prejudice and not refiled for nine months. The court, however, is not convinced that these circumstances have caused defendants significant legal prejudice.

Finally, the court shall place some conditions upon dismissal which should help negate any prejudice caused to defendants. Upon refiling this action against either or both defendants, plaintiff shall be required to pay to defendants the fees and expenses incurred by defendants in this case after January 1, 2012, except for the fees and expenses incurred in the opposition to the motion to dismiss. The court believes plaintiff's counsel should have known how he wished to proceed by January 1, 2012 and that defendants spent time in connection with the scheduling and litigation of this case which could have been saved had counsel made it known at that time that plaintiff intended to dismiss this action. Defendants shall also be awarded any costs as allowed by 28 U.S.C. § 1920.

<u>Conclusion</u>

In conclusion, the court shall grant plaintiff's motion to dismiss without prejudice subject to the condition that plaintiff, upon refiling this action against either defendant, shall be required to pay to each such defendant the fees and expenses

incurred after January 1, 2012, except for the fees and expenses related to the opposition to the motion to dismiss.  Defendants shall have time until April 2, 2012 to submit a showing of those fees and expenses to the court.  Plaintiff shall have time until April 13, 2012 to respond to that showing.  Then the court will determine the amount to be paid as a condition for refiling this action.  Failure to pay the amount set forth by the court within twenty days after refiling this action will convert this dismissal without prejudice into a dismissal with prejudice.  The court will retain jurisdiction over this matter to entertain a motion by defendants to so convert such a dismissal.  Defendants are also awarded any costs as allowed by 28 U.S.C. § 1920.

**IT IS SO ORDERED.**

Dated this 21st day of March, 2012 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge